**John B. WIKE, Plaintiff,**

v.

**The SECRETARY OF HEALTH, EDUCATION AND WELFARE, Defendant.**

**Civ. A. No. 3048.**

United States District Court,
W. D. North Carolina,
Asheville Division.

June 22, 1970.

Shelby E. Horton, Jr., of Horton & Horton, Asheville, N. C., for plaintiff.

Keith S. Snyder, U. S. Atty. for Western District of North Carolina, and Bruce B. Briggs, Asst. U. S. Atty., Asheville, N. C., for defendant.

## MEMORANDUM OF DECISION.

WOODROW WILSON JONES, Chief Judge.

This is a civil action instituted by the plaintiff on June 25, 1969, pursuant to Section 205(g) of the Social Security Act, as amended [42 U.S.C.A. § 405(g)], to obtain court review of the final decision of the Secretary of Health, Education, and Welfare, on his claim for Social Security disability benefits.

Plaintiff filed his application for a period of disability and for disability benefits on September 29, 1965, alleging that he became unable to work on November 11, 1958, because of a head, neck, shoulder, and back injury received when he was hit by a falling tree. After the application was initially denied, the plaintiff requested a hearing which was held on May 3, 1968. The hearing examiner issued his opinion on June 10, 1968, finding that the plaintiff was not entitled to a period of disability or to disability insurance benefits. Plaintiff's request for review by the Appeals Council was denied on January 16, 1969, and the hearing examiner's decision became the final decision of the Secretary of Health, Education and Welfare.

The issue before this court is whether there is substantial evidence to support the "final decision" of the Secretary that plaintiff was not under a disability as defined in the Social Security Act, and therefore is not entitled to a period of disability under Section 216(i) of the Social Security Act [42 U.S.C.A. § 416 (i)], or to disability insurance benefits under Section 223 of the Act [42 U.S.C. A. § 423].

The scope of this court's inquiry into this matter is limited to a determination of whether the hearing examiner's findings are supported by substantial evidence. Once that determination is made the court's task is complete. Snyder v. Ribicoff, 307 F.2d 518 (4th Cir. 1962). The court is not permitted to try the disability issue *de novo*, but is confined to the question of whether there is substantial evidence to support the Secretary's decision. After a careful review of the record, the court is of the opinion that there is substantial evidence to support the finding of the Secretary.

■ Substantial evidence is evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966); Ferrell v. Gardner, 406 F.2d 1084 (4th Cir. 1969).

To review all of the evidence in this opinion would be a needless exercise and would consist of repeating the evidence upon which the hearing examiner based his decision. All of the evidence is in the record which has been carefully reviewed by this court. The evidence consists of the testimony of Norman E. Hankins, Ph.D., vocational expert, and the testimony and reports of Dr. James A. Baker, Dr. Frank H. James, Dr. A. B. Gray, Dr. E. F. Leibold, Dr. Furman Angel, and E. W. Myers, D.O., and the medical reports of the Labor and Industries Department of the State of Washington. This evidence is conflicting and, while there is considerable evidence which tends to support the plaintiff's claim of disability, there is nevertheless more than a mere scintilla of evidence that the plaintiff could engage in substantial gainful activity. For instance, the re-examination of plaintiff by the Department of Labor and Industries of the State of Washington on February 12, 1960, revealed only the old degeneration of the intervertebral disc between the L-2 and L-3. AP and lateral views of the cervical spine were within normal limits. In summary, the report found:

" * * * [t]his man's complaints and manifestations of disability are so far out of proportion to what can actually be seen and found on examination and x-rays, that it seems obvious that he was putting on an act, which so thoroughly obscures what pathology might be present that there is no way of determining whether he has any additional, or any impairment from his injuries.

"These examiners would consider his condition fixed, that no further treatment is indicated, and that he is most likely able to work within the framework of his mental outlook. There is no objective evidence of any increase in permanent partial disability attributable to the injury of 11–11–58."

Another example is the medical testimony of Dr. A. Barnard Gray, orthopedic surgeon, who examined the plaintiff on April 3, 1964, which shows that his examination revealed some restriction of the back motion in all directions. There was fairly good range of motion in the neck. Muscle power was good. There were no abnormal sensory changes, and reflexes were in tact. X-ray of the cervical spine was negative. There were some mild arthritic changes in the dorsal spine. The lumbar spine revealed some degenerative change at the second interspace and adjacent vertebrae and mild curvature of the spine to the right. Dr. Gray states:

"At the present time he is probably not fit to work in the woods but seems fit to do light work. It is the impression of this examiner that from an objective standpoint this patient should improve under adequate treatment. At least on the basis of this examination this patient is fit to do light work on a reasonably continuous basis if he were to wear his back support and continue on some medical care."

There is substantial evidence to indicate that the plaintiff was physically able to do light work and that ample jobs within his competence existed in the area.

It is noted that the application under consideration and upon which this civil action is based is the third application filed by this plaintiff for disability insurance benefits under the Social Security Act. In all three applications the plaintiff contends that his disability resulted from the injury he suffered in November, 1958. The plaintiff failed to institute civil actions for court review on either of the two prior applications. The defendant strongly contends that the decisions on the two first applications is *res judicata* and that the plain-

tiff is attempting to litigate the same claim he previously asserted on two different occasions. The defendant further contends that there was no "good cause" to re-open the hearing examiner's previous decision because there was no new and material evidence of his condition at the critical time, that is, prior to the expiration of the earnings requirement which was September 30, 1963. Since the court is of the opinion that there was substantial evidence to support the Secretary's findings, it is not necessary to resolve this issue.

The court concludes that the final decision of the Secretary is supported by substantial evidence and therefore affirms his decision. The motion of the plaintiff for summary judgment is therefore denied, and the motion of the defendant for summary judgment is granted. An order to that effect will be entered simultaneously herewith.